UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAN E. HEINRICH,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:14-cv-05576-RBL

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

THIS MATTER is before the Court on Plaintiff's petition for judicial review of defendant's denial of his applications for disability insurance and supplemental security income ("SSI") benefits. After reviewing the parties' briefs and the record, the defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

On April 26, 2011, plaintiff filed applications for disability insurance and SSI benefits, alleging in both that he became disabled on September 1, 2008. Dkt. 16, Administrative Record ("AR") 26. Those applications were denied upon initial administrative review and on reconsideration. A hearing was held before an administrative law judge ("ALJ") on February 22, 2013. Plaintiff, who was represented by counsel, and a vocational expert testified at the hearing.

In a decision dated March 18, 2013, the ALJ determined that plaintiff was not disabled. The Appeals Council denied plaintiff's request for review of the ALJ's decision on May 24, 2014, making that decision the Commissioner of Social Security's (the "Commissioner") final

ORDER - 1

decision. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481. On July 22, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. The parties have completed their briefing, and this matter is now ripe for the Court's review.

Plaintiff argues that the Commissioner's decision to deny benefits should be reversed and remanded for an award of benefits, or, in the alternative, for further administrative proceedings. Plaintiff contends that the ALJ erred: (1) in failing to find several impairments as severe at step two; (2) in evaluating the medical evidence in the record; (3) in rejecting the lay witness evidence in the record; (4) in assessing plaintiff's residual functional capacity ("RFC"); and (5) in finding him to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, this matter is remanded for further administrative proceedings. The ALJ erred in rejecting the lay witness evidence in the record, and thus in assessing plaintiff's RFC and finding him capable of performing other work, and therefore in determining plaintiff to be not disabled.

## II.  DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court if the "proper legal standards" have been applied by the Commissioner and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the

ORDER - 2

record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

### A.     The ALJ's Evaluation of the Lay Witness Evidence in the Record

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Here, plaintiff argues that the ALJ erred by failing to properly evaluate the testimony of plaintiff's mother, Sharin Heinrich. *See* Dkt. 25, pp. 18-20. In a third-party function report, Ms. Heinrich testified that plaintiff has difficulty with memory, concentration, understanding, fatigue, reading comprehension, following instruction, completing tasks, using his hands, and getting along with others, noting that he has been fired from nearly every job he had for not getting along with coworkers. The ALJ found Ms. Heinrich's report generally supported his RFC assessment. The ALJ then found:

> To the extent that Ms. Heinrich suggests that the claimant's impairments render him unable to work, I find Ms. Heinrich's close relationship with the claimant, and a desire to help him, likely influenced her opinion regarding the claimant's

ORDER - 3

abilities. Finally, the ultimate decision on a person's ability to work is reserved for the Commissioner.

AR 33.

First, defendant argues that by finding that Ms. Heinrich's report generally supported the RFC assessment, the ALJ was therefore rejecting some of the observations in the report because they did not relate to or support plaintiff's inability to work. However, the ALJ never explicitly found that any of Ms. Heinrich's observations did not relate to plaintiff's ability to work. In fact, the ALJ's full explanation shows that he believed Ms. Heinrich was suggesting that plaintiff's impairments render him unable to work. *See* AR 33. This argument by defendant is a *post hoc* rationalization, and the Court may only review an ALJ's decision based on the actual findings offered. *See Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)).

Regardless, Ms. Heinrich gave observations about plaintiff's mental health that related to his inability to work and were not found in the RFC assessment. The RFC assessment did not account for plaintiff's limitations in getting along with coworkers, following written instructions, or completing tasks. *See* AR 30. The ALJ erred by failing to include these limitations in the RFC or to give germane reasons to discount them.

Next, as defendant admits, Ms. Heinrich's close relationship with plaintiff is not a germane reason to discount her testimony. Testimony from "other non-medical sources," such as friends and family members, *see* 20 C.F.R. § 404.1513 (d)(4), may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits. *Valentine v. Comm'r SSA,* 574 F.3d 685, 694 (9th Cir. 2009) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993)). In addition, according to the Ninth Circuit, absent "evidence that a specific [lay witness] exaggerated a claimant's symptoms

ORDER - 4

*in order* to get access to his disability benefits," an ALJ may not reject that witness's testimony with a general finding that the witness is "an 'interested party' in the abstract." *Id.* (emphasis in original). Here, the ALJ found no such motive, so discounting Ms. Heinrich's testimony solely because of her close relationship with plaintiff was in error.

Finally, while it may be true, as both the ALJ and defendant assert, that lay witnesses are not qualified to give opinions on the ultimate issue of disability, the Commissioner's own regulations require consideration of "observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing 20 C.F.R. § 404.1513(e)(2)). In addition, "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *Id.*

Here, Ms. Heinrich listed several observations about how plaintiff's mental health impairments affected his ability to work. These observations were not general statements regarding the ultimate issue of disability and cannot be dismissed as such. The ALJ failed to consider the specific limitations outlined by Ms. Heinrich and either incorporate them into the RFC or give germane reasons for rejecting them. By failing to give any germane reason for discounting Ms. Heinrich's testimony, the ALJ erred.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to

ORDER - 5

the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ fully credited the opinion of Ms. Heinrich, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, these errors affected the ultimate disability determination and are not harmless.

**B.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity**

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *Id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the

ORDER - 6

claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found that plaintiff had the RFC to perform:

> **medium work as defined in 20 CFR 404.1567(c) and 416.967(c), except, (1) the claimant is unable to climb ropes, ladders, and scaffolds; (2) the claimant is limited to occasional climbing of stairs and ramps; (3) the claimant should avoid concentrated exposure to hazards such as work at heights or with dangerous or heavy equipment; (4) the claimant is limited to occasional public contact; and (5) the claimant is limited to simple repetitive tasks.**

AR 30 (emphasis in original). However, because the ALJ erred in evaluating the opinion of Ms. Heinrich, who observed that plaintiff had more restrictive limitations, the ALJ's RFC assessment does not completely and accurately describe all of plaintiff's capabilities. Accordingly, here too the ALJ erred.

### C.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987);

ORDER - 7

*Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed hypothetical questions to the vocational expert containing substantially the same limitations as were included in the ALJ's RFC assessment. In response, the vocational expert testified that an individual with those limitations – and with the same age, education, and work experience as plaintiff – would be able to perform other jobs. Based on the testimony of the vocational expert, the ALJ found plaintiff capable of performing other jobs existing in significant numbers in the national economy. But again, because the ALJ erred in evaluating the opinion of Ms. Heinrich and thus in assessing the plaintiff's RFC, the hypothetical question did not completely and accurately describe all of plaintiff's capabilities. Therefore, the ALJ's step five determination is not supported by substantial evidence and is in error.

### D.     This Matter Is Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

ORDER - 8

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding the plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy. Accordingly, remand for further consideration is warranted in this matter.

## III. CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the findings contained herein.

Dated this 29th day of May, 2015.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 9